UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOE CRUZ, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 18-cv-10589-DJC |
| BATOOL KAZIM, et. al., | ) ) ) | |
| Defendants. | ) ) ) ) ) ) | |

### MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                          September 8, 2020

## I.    Introduction

Plaintiff Joe Cruz ("Cruz"), an inmate at Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts filed a *pro se* complaint against FMC Devens employees Dr. Batool Kazim and Dr. Jon Gorham (collectively, "Defendants") alleging that they forcibly administered improper medication to Cruz that caused him to engage in self-harm.  Pursuant to 28 U.S.C. § 2679, the United States substituted itself for Defendants.  The Defendants have moved for dismissal under Fed. R. Civ. 12(b)(6) and summary judgment under Fed. R. Civ. 56.  D. 47.  For the reasons stated below, the Court DENIES Defendants' motion. D. 47.

## II.   Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation

1

omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).[1]

## III.   Factual Background

The following summary is based upon the allegations in Cruz's amended complaint filed *pro se*, D. 10, and are presumed true for the purpose of resolving Defendants' motion. Cruz is a federal inmate at FMC Devens. D. 10 at 1. Cruz alleges that prior to his incarceration, he had no history of mental illness. Id. The psychology staff, including Defendants, at FMC Devens, however, assert that Cruz suffers from a mental condition requiring medication. Id. Cruz has been under psychiatric medical care since he arrived at FMC Devens in 2014. See D. 10 at 1; D. 51 at 3. FMC Devens employees required that Cruz take medication. Id. When Cruz refused to take medication, he was placed in solitary confinement in a Special Housing Unit ("SHU"). D. 10 at 2; D. 51 at 3. At times, Cruz has acquiesced to taking the medication, but at other times, FMC

---

[1] Although Defendants cite to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 in their papers, D. 40 at 4-5, the Court treats their motion as a motion to dismiss under Rule 12(b)(6). First, as Cruz pointed out in his opposition, Defendants did not file a statement of undisputed facts under Local Rule 56.1 as required. Second, although counsel for Defendants referenced Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) during oral argument, Defendants did not move for dismissal on this basis.

Devens employees have forcibly injected him with medication. D. 10 at 1; D. 51 at 3. Cruz alleges that psychology staff, which includes Dr. Kazim and Dr. Gorham, at FMC Devens "fabricated evidence" to falsely diagnose him with a mental health disorder. D. 10 at 1.

In April 2015[2] in the early morning, while Cruz was on suicide watch at SHU, he attempted to gouge out his left eye. Id. Cruz asserts that Defendants are responsible for the loss of his eye and for "pushing toward a mental disorder" diagnosis for him and medicating him for such improper diagnosis. D. 10 at 1-2.

### IV.     Procedural History

On March 26, 2018, Cruz, acting *pro se*, initiated this lawsuit, D. 1, and later amended the complaint. D. 10. Defendants later moved for summary judgment. D. 39. Upon Cruz's motion, D. 41, the Court appointed counsel for him, D. 42-43, and denied Defendants' motion for summary judgment without prejudice to renew in light of this appointment. D. 44. Defendants have now renewed its motion. D. 47. The Court has considered the parties' filings including but not limited to the opposition, D. 51, and reply brief, D. 62, heard the parties on the motion and took the matter under advisement. D. 67.

### V.      Discussion

Cruz seeks both monetary and injunctive relief stemming from the loss of his eye. D. 10 at 1–2. Generally, the United States is immune from suit without its consent. The Federal Tort Claims Act ("FTCA"), however, "is one instance of such consent; it waives the sovereign immunity of the United States with respect to certain torts committed by federal employees acting

---

[2] Defendants contend that this incident occurred on March 15, 2015, D. 40 at 2, but Cruz alleges that the incident occurred in April 2015, D. 10 at 1, in his amended complaint.

within the scope of their employment" and "gives federal courts jurisdiction over such claims." Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).

Defendants contend, however, that Cruz has not exhausted his administrative remedies, D. 40 at 8 n. 5, that his action is time barred by the FTCA, D. 40 at 6, and that Cruz's complaint fails to meet the requirements of Fed. R. Civ. P. 8.  D. 40 at 8.

### A.     Cruz Exhausted His Administrative Remedies

Defendants argue that Cruz failed to exhaust his administrative remedies prior to initiating this action under the Prison Litigation Reform Act ("PLRA").  D. 40 at 8 n.5.  The PLRA requires prisoners to exhaust all administrative claims prior to filing suits alleging federal claims in federal court.  Cruz's negligence claims, arising under state law, however, are not subject to the PLRA. Rios v. United States, No. 14-cv-40171-IT, 2016 WL 1212530, at *5 n.5 (D. Mass. Feb. 26, 2016) (citing Acosta v. United States Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006)).  The FTCA, nevertheless, includes an exhaustion requirement for negligent claims against the United States, requiring that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail.  28 U.S.C. § 2675(a).  Cruz first presented his claim to the FMC Devens Warden on May 8, 2018. D. 40-1 ¶ 10.  The BOP denied his claim with the final administrative decision issued on October 19, 2018. Id.  Cruz filed his amended complaint on May 30, 2018, and thus had not exhausted his administrative remedies by the time he had initiated this action on March 26, 2018 or filed his amended complaint.  D. 1, 10.  At the time that Cruz filed his amended complaint, however, this was an action against Dr. Gorham and Dr. Kazim, not the United States.  See D. 10. Even putting aside Cruz's challenge to whether the United States should have been substituted for the individual defendants named in the amended complaint for the moment, D. 51 at 2, the

exhaustion requirement came into play once the United States substituted itself as the defendant on February 26, 2019. D. 38; see 28 U.S.C. § 2679(d)(4); Velez-Diaz v. United States, 507 F.3d 717, 718 n.1 (1st Cir. 2007) (holding that there was no exhaustion requirement when petitioner filed complaint because complaint was against agents individually, but when on appeal the case was against United States, plaintiff "is given a fresh period of 60 day within which to file an administrate complaint even if the initial period for doing so has lapsed"). Prior to this date, Cruz had received a final agency decision. D. 40-1 ¶ 10. Cruz, therefore, complied with the FTCA exhaustion requirement by the time the United States was a party to the action. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 856 (9th Cir. 2011) (holding that "[t]here is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted").

### B.   Cruz's *Pro Se* Complaint Satisfies Federal Rules of Civil Procedure 8

A claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must give the defendant "fair notice of what the . . . claim is and the ground upon which it rests," Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and a "meaningful opportunity to mount a defense." Conley v. Massachusetts, No. 09-cv-11108-NG, 2009 WL 2096207, at *4 n. 5 (D. Mass. Jul. 7, 2009) (internal quotation marks and citations omitted). "What constitutes a short and plain statement must be determined in each case on the basis and nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." Peabody v. Griggs, No. 08-cv-243-ML, 2009 WL 3200686, at *2 (D.R.I. Oct.

6, 2009) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240–41 (3d ed. 2004)).

A negligence claim must allege "(1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." Nelson v. Mass. Port Auth., 55 Mass. App. Ct. 433, 435 (2002) (quoting Jorgensen v. Mass. Port Auth., 905 F.2d 515, 522 (1st Cir. 1990)).  A *pro se* filing "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Although perhaps inartfully stated by Cruz, but construing his allegations liberally, the Court concludes that Cruz's *pro* se complaint satisfies this pleading standard.  Cruz's complaint provides that the Defendants, entrusted with his care during his ongoing custody, breached their duty of care by providing Cruz with an improper diagnosis and medication, which resulted in his self-inflicted wound.  D. 10 at 1-2.  Accordingly, Cruz satisfied the requirements of Fed. R. Civ. P. 8.

**C.     The Court Cannot Conclude at this Juncture if Applicable Statute of Limitations is Equitably Tolled**

The FTCA statute of limitations mandates that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues unless action is begun within six months after the . . . notice of final decision of the claim by the agency . . ." 28 U.S.C. § 2401(b).  Cruz does not dispute that more than two years passed before he presented his claim.  Instead, Cruz argues that that the FTCA statute of limitations is subject to equitable tolling.  D. 51 at 7.[3]

---

[3] Although Cruz also argues that the FTCA is not applicable because the Defendants were acting outside the scope of their employment, D. 51 at 10, even assuming the allegations in the

Generally, the statute of limitations for the FTCA begins to accrue at the time of the plaintiff's injury. United States v. Kubrick, 444 U.S. 111, 119 (1979); González-Bernal v. United States, 907 F.2d 246, 249 (1st Cir. 1990); Richman v. United States, 709 F.2d 122, 123 (1st Cir. 1983). Here, Cruz alleges that the injury occurred sometime in April 2015, but he did not file an administrative claim until more than two years later. D. 40-1 ¶ 10. Hence, without equitable tolling of the two-year statute of limitations, Cruz's action is time barred.

The discovery rule, however, is an exception to the general applicability of a statute of limitations. See Urie v. Thompson, 337 U.S. 163, 169 (1949). Under the discovery rule, the action

---

amended complaint are true, this argument does not prevail at this point. Cruz has the burden of proof to establish that the Defendants were acting outside the scope of their employment. See Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 685 (1st Cir. 1999); Aversa v. United States, 99 F.3d 1200, 1208–09 (1st Cir. 1997) (noting that the "law of *respondeat superior* of the state in which the incident occurred" governs the analysis). "Under Massachusetts law, which governs [Cruz's] claims, an employee's conduct is within the scope of his employment if (1) 'it is the kind he is employed to perform,' (2) 'it occurs substantially within the authorized time and space limits;' and (3) 'it is motivated, at least in part, by a purpose to serve the employer.'" Mangino v. United States, No. 05-cv-12251-GAO, 2006 WL 2033196, at *2 (D. Mass. Jul. 19, 2006) (citing Wang Labs, Inc. v. Bus. Incentives, Inc., 398 Mass. 854, 858 (1986)). The scope of an employee's employment is not construed restrictively. Howard v. Town of Burlington, 399 Mass. 585, 589 (1987).

Cruz argues that the alleged conduct of the Defendants, in improperly medicating him and falsifying evidence to justify the improper medication, is outside the scope of their employment because "there is no ascertainable benefit to the FMC Devens prison to prescribe improper medication that causes an inmate to display irrational and disobedient behavior." D. 51 at 11. First, providing medication for inmates is within the scope of the Defendants' employment, even if medication was improper. See Villanueva v. Franklin County Sheriff's Office, 849 F. Supp. 2d 186, 191–92 (D. Mass. 2012) (ruling that county jail staff acted within the scope of their employment regarding inmate's defective dental treatment and lack of treatment). Second, Cruz does not dispute that the medication provided to him occurred within authorized temporal and spatial limit of his incarceration and the Defendants' treatment of him. Third, even Cruz's allegations do not rebut that the Defendants were motivated, at least in part, by a purpose to serve the employer. Even assuming that the Doctors intentionally falsified evidence to justify improperly medicating Cruz, this is not sufficient to find that they were acting outside the scope of their employment. See Mangino, 2016 WL 2033196 at *3 (ruling that doctors acted within the scope of employment even when they allegedly misdiagnosed and mistreated plaintiff and fraudulently generated false paperwork to obstruct his medical malpractice claim).

accrues when the injured party knew, or in the exercise of reasonable diligence, should have known the factual basis for the cause of action. Kubrick, 444 U.S. at 121–25; Maggio v. Gerard Freezer & Ice. Co., 824 F.2d 123, 130 (1st Cir. 1987). For the statute of limitations to be tolled pursuant to the discovery rule, the factual basis for the cause of action must have been "inherently unknowable" at the time of the injury. Id.; Levin v. Berley, 728 F.2d 551, 553 (1st Cir. 1984). As Cruz asserts, D. 51 at 8–9, mental illness can equitably toll the statute of limitations if there is a causal link between Cruz's mental illness and his ability to file his claim. See Riva v. Ficco, 803 F.3d 77, 80 (1st Cir. 2015) (involving an appeal after remand to develop factual record of whether there was "some causal" link between petitioner's mental illness and failure to file timely habeas petition). Cruz must show because of his disability that he was "unable to engage in rational thought and deliberate decision making sufficient to pursue his claim alone or through counsel." Bartlett v. Department of Treasury (I.R.S.), 749 F.3d 1, 14 (1st Cir. 2014) (upholding lower court's motion to dismiss Plaintiff's claim for failure to adhere to statute of limitations) (citations and quotations omitted); Frye v. Nelson, 231 F. Supp. 2d 394, 396 (D. Mass. 2002) (assuming that antipsychotic drug "would justify an equitable tolling of the statute of limitations for some period," but concluding that any incapacity was removed by the time petitioner filed a motion in state court such that the statute of limitation had run and petition was time-barred). Given the allegations here, there is at least a factual question raised about whether Cruz's mental status would be a basis for equitably tolling the statute of limitations. See D. 51 at 8–9. Accordingly, the Court denies the Defendants' motion to dismiss on timeliness grounds at this time as well. It may well be, once the factual record is developed as to same, that the applicable statute of limitations is not tolled and that the claim is time-barred. For this reason, the Court may consider a proposed schedule for fact discovery to proceed on this matter first before discovery on the merits of Cruz's claim.

**VI.     Conclusion**

For the foregoing reasons, the Court DENIES the Defendants' renewed motion.  D. 47.

**So Ordered.**

/s/ Denise J. Casper<br>
United States District Judge