### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE CRUZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 18-cv-10589-DJC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### <u>MEMORANDUM AND ORDER</u>

**CASPER, J.**                                                   **March 31, 2023**

## I.      Introduction

Plaintiff Joe Cruz ("Cruz"), an inmate at Federal Medical Center Devens ("FMC Devens"), filed a *pro se* complaint against FMC Devens employees[1] alleging that they forcibly administered improper medication that caused him to engage in self-harm, namely his removal of his own eye from its socket on March 15, 2015.  Cruz filed this lawsuit over three years later, on March 26, 2018, seeking monetary and injunctive relief.  D. 1, 10.  On September 8, 2020, the Court denied Defendant's motion for dismissal under Fed. R. Civ. 12(b)(6) and summary judgment under Fed. R. Civ. 56, D. 69, concluding that there was at least a factual issue as to whether the statute of limitations that applies to Cruz's claim, governed by the Federal Tort Claims Act ("FTCA"), was

---

[1] The United States ("Defendant") has substituted itself for the individually named defendants.  D. 38; D. 69 at 1.

equitably tolled.  Id. at 8.  The Court noted that "without equitable tolling of the two-year statute of limitations [under the FTCA], Cruz's action is time barred," id. at 7.

Accordingly, the Court allowed fact and expert discovery to proceed on the issue of equitable tolling.  D. 78.  The deadlines for same were extended a number of times, either upon the joint motion of the parties or at the request of Cruz.  See D. 82, 87, 91, 95, 99, 105.  On July 28, 2022, the Court allowed Cruz's motion to terminate his pro bono counsel, D. 117.  In light of this ruling, the Court further extended the deadline giving Cruz "until September 28, 2022 to secure and proffer an expert in support of the contention that his 'mental status would be a basis for equitably tolling the statute of limitations' that would otherwise bar his claims.  D. 117 (quoting D. 69 at 8).   The Court further noted that "[g]iven the age of this case and the prior extensions of the expert disclosure deadline, . . . , and prior, good-faith efforts to retain an expert in support of [Cruz's] equitable tolling argument, the Court will not be inclined to extend this deadline further."  D. 117.  Cruz did not proffer an expert opinion or disclosure by that deadline, the further extended deadline of November 17, 2022, D. 121, 122 (allowed *nunc pro tunc*) or since that time, even in response to Defendant's summary judgment motion filed on December 19, 2022, D. 124.  In its summary judgment motion, Defendant contends that Cruz's claim is barred by the statute of limitations.  D. 124.  Because the Court concludes that Cruz has not satisfied his burden of showing that equitable tolling applies here, the Court concludes that his claim is time barred and, therefore, ALLOWS Defendants' motion for summary judgment.  D. 124.

## II.    Standard of Review

The Court grants summary judgment where "there is no genuine dispute as to any material fact" and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law."  Santiago-Ramos v. Centennial P.R. Wireless Corp.,

217 F.3d 46, 52 (1st Cir. 2000) (citation and internal quotation marks omitted).  The movant bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000) (citations omitted).  If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial, Borges v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010) (citing cases).  The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor."  Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citation omitted).

### III.    Factual Background

The following summary is based upon Defendant's statement of undisputed facts, D. 126. Since Cruz has not filed a response controverting the undisputed facts asserted by Defendant as required,[2] they are deemed admitted.  D. Mass. L.R. 56.1 (requiring that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties").

Cruz is a federal inmate under psychiatric care at FMC Devens.  D. 126 ¶ 1.  On March 15, 2015 at 6:27 a.m., FMC Devens staff discovered Cruz with a self-inflicted injury to his left eye such that his eye was hanging from its socket.  Id. ¶ 2.  Cruz was sent by ambulance to the hospital for medical treatment.  Id. ¶ 3.  Cruz continues in the custody of FMC Devens for care and

---

[2] Cruz's opposition, D. 127, alleges that "the entire bop record" is fabricated," but does not otherwise address the Defendant's statement of undisputed facts, D. 126.

treatment for his diagnosed mental illness. Id. ¶ 1; United States v. Cruz, No. 19-11022 (sealed matter).

Cruz filed this case on March 26, 2018. D. 1. On May 8, 2018, he filed an administrative claim with the Bureau of Prisons ("BOP") claiming, as he has in his complaint here, that he was compelled to accept drug treatment for his mental illness and was housed in a cell under suicide watch at FMC Devens which resulted in him gouging his eye out. D. 126 ¶ 5; D. 126-5. The BOP denied this claim on May 18, 2018 on the ground that it was untimely. D. 126 ¶ 6; D. 126-6. On May 30, 2018, Cruz filed his amended complaint in this case. D. 126 ¶ 7; D. 10.

## IV.   Discussion

### A.   Without Equitable Tolling, Cruz's Claim is Time Barred

As the Court has previously noted, the United States generally is immune from suit without its consent. D. 69 at 3. The Federal Tort Claims Act ("FTCA"), however, "is one instance of such consent; it waives the sovereign immunity of the United States with respect to certain torts committed by federal employees acting within the scope of their employment" and "gives federal courts jurisdiction over such claims." Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). The FTCA statute of limitations mandates that, as relevant here, a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "The general rule, within the meaning of the FTCA, is that a tort claim accrues at the time of the plaintiff's injury." Attallah v. United States, 955 F.2d 775, 779 (1st Cir. 1992). It is undisputed that more than two years passed from the time of Cruz's injury on Marcy 15, 2015 before Cruz presented his claim. As the Court had previously noted, "without equitable tolling of the two-year statute of limitations, Cruz's action is time barred." D. 69 at 8.

**B.     <u>On a Developed Record, Equitable Tolling Does Not Apply Here</u>**

Equitable tolling "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." <u>Lozano v. Montoya Alvarez</u>, __ U.S. __, 134 S. Ct. at 1231-32 (2014).  The application of this doctrine is "'exception rather than the rule,'" and is "'justified only in extraordinary circumstances.'" <u>Riva v. Ficco</u>, 615 F.3d 35, 39 (1st Cir. 2010) (quoting <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 (1st Cir. 2001)).  In determining whether equitable tolling applies to toll a statute of limitations, the Court should consider a number of factors:  "'(1) a lack of actual notice of a time limit' (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to the party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.'" <u>Duke v. Comm. Health Connections, Inc.</u>, 355 F. Supp. 3d 49, 56 (D. Mass. 2019) (quoting <u>Jobe v. I.N.S.</u>, 238 F.3d 96, 100 (1st Cir. 2001)).  As Cruz has asserted, D. 51 at 8–9, mental illness can equitably toll the statute of limitations if there is a causal link between Cruz's mental illness and his ability to file his claim.  <u>See</u> <u>Riva</u>, 803 F.3d at 80.  A plaintiff bears the burden of showing that equitable tolling is warranted, <u>Riva</u>, 615 F.3d at 39, and, as to any mental status basis, Cruz must show because of such mental illness that he was "unable to engage in rational thought and deliberate decision making sufficient to pursue his claim alone or through counsel." <u>Bartlett v. Department of Treasury (I.R.S.)</u>, 749 F.3d 1, 14 (1st Cir. 2014) (affirming trial court's motion to dismiss Plaintiff's claim where plaintiff failed to show that equitable tolling applied to save her untimely claim) (internal citation and quotation marks omitted); <u>Frye v. Nelson</u>, 231 F. Supp. 2d 394, 396 (D. Mass. 2002) (assuming that antipsychotic drug "would justify an equitable tolling of the statute of limitations for some period," but concluding that any incapacity was removed by the time petitioner filed a motion in state court

such that the statute of limitation had run and petition was time-barred).  That is, a diagnosis of mental illness alone is not sufficient to show that equitable tolling is warranted.  Vasquez-Rivera v. Figueroa, 759 F.3d 44, 50 (1st Cir. 2014) (citing Melendez-Arroyo v. Cutler-Hammer de P.R. Co., 273 F.3d 30, 37 (1st Cir. 2001)).  Instead, a plaintiff must show that "during the relevant period of time, his ability to pursue legal redress was impaired to a degree that represented an extraordinary circumstance that stood in his way and prevented timely filing."  Riva v. Ficco, No. 01-12061-MLW, 2014 WL 4165364, at *1 (D. Mass. Aug. 21, 2014), aff'd, 803 F.3d 77 (1st Cir. 2015); see Vasquez-Rivera, 759 F.3d at 55.

On the undisputed record, Cruz has not made this showing here that equitable tolling is warranted.  There has been no development of the Dukes factors, particularly as to whether Cruz lacked actual or constructive notice of the statute of limitations, or was otherwise diligent in pursuing this claim (even as he was diligent in pursuing other relief related to his March 15, 2015 injury in his criminal case as discussed below).  Moreover, even as Cruz has alleged that his mental impairment prevented his timely filing of his claim in and around the two-year limitation period, D. 51 at 8-9 (citing amended complaint, D. 10 at 1); D. 127 at 2, the record does not support this allegation even after discovery.   The undisputed medical record shows some periods of stabilization (usually when Cruz was medication-compliant), for Cruz in the aftermath of his March 15, 2015 self-harm, even as he had periods of decompensation and he continued to need medication and psychiatric treatment.  D. 125 at 10-12 (citing and summarizing medical records in 2015-2017); D. 126 (and D. 126-25) ¶¶ 8-9, 11-17.  Additionally, although the period for expert discovery in this case was extended numerous times for Cruz's benefit, there is no expert testimony to support Cruz's contention that his mental illness warrants equitable tolling of the applicable statute of limitations.  Although such expert testimony is not necessarily required, the absence of

same in light of the undisputed record of his medical history and treatment during the relevant time period here further undercuts Cruz's contention.  See Vazquez-Rivera, 759 F.3d at 50.

Significantly, it is also undisputed that during the limitations period, Cruz continued to file legal papers on his own behalf.  Cruz filed a motion in his underlying criminal case on May 4, 2015, less than two months after his self-harm, to reduce his "2031 release date," D. 126 ¶ 20; D. 126-18, and then did so again on September 18, 2015, explaining that he was "doing quite well, considering having plucked out my eye" and seeking "2 points [reduction] for diminished capacity due to mental illness" to his sentence, approximately six months after his self-harm.  D. 126 ¶ 21; D. 126-19.  After such requests were denied by the sentencing court, D. 126 ¶ 22; D. 126-20, Cruz sought reconsideration of same on December 19, 2016.  D. 126 ¶ 23; D. 126-21; see Zinser v. Dept. of Corrections MCI-Norfolk, No. 13-13194-RGS, 2014 WL 7375476, at *5 (D. Mass. Dec. 29, 2014) (ruling that petitioner had not met "his burden to show exceptional circumstances that would justify equitable tolling" where he was "working on his legal case" during the tolling period); Riva, 2014 WL 4165364, at *17-18 (same).  Even if his *pro se* filings were unsuccessful, D. 126 ¶ 24; D. 126-22, they reflect an awareness and ability to pursue legal remedies during the limitations period.  D. 125 at 18 (citing Holloman v. Clarke, 244 F. Supp. 3d 223, 228-29 (D. Mass. 2017) (concluding that equitable tolling did not apply where petitioner's "ability to file pleadings *pro se* in his criminal case even with assistance of a friend supports defendants' asserts that he maintained the capacity, if limited, to manage his legal affairs")).  That is not to say that Cruz does not have a documented mental illness for which he continues to receive care and treatment at FMC Devens, U.S. v. Cruz, 19-11022; D. 126 ¶ 1, but that he has not met the requisite burden to show that his ability to pursue legal recourse was so impaired "that [it] represented an

extraordinary circumstance" that prevented the timely filing of his claim.  <u>Riva</u>, 2014 WL 4165364, at *1; <u>Bartlett</u>, 749 F.3d at 14.[3]

## V.   Conclusion

For the foregoing reasons, the Court ALLOWS Defendant's motion for summary judgment, D. 124.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] To the extent that Cruz also contends that the discovery rule applies here (i.e., that "the action accrue[d] when the injured party knew or, in the exercise of reasonable diligence, should have known the factual basis for the cause of action," <u>Attallah</u>, 995 F.2d at 780), he has not satisfied his burden of showing this "exception to the general rule established by the statute of limitations," particularly where he has not shown that the basis of his cause of action was "inherently unknowable" at the time of injury.  <u>Id.</u>; <u>Levin v. Berley</u>, 728 F.2d 551, 553 (1st Cir. 1984).